SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK CV 13 6771

Case No.:

ALEXANDER PASHKOV

Plaintiff,

-against-

BLOCK, J.
AZRACK, M.J.

COMPLAINT FOR DAMAGES

JURY TRIAL REQUESTED

L&S UNITED CORP., ALEXANDER CHUDNER and ALEXEI "DOE"

Defendants.

FILED
CLERK
2013 DEC -3 AM 5:2
U.S. DISTRICT COURT
EASTERN DISTRICT OF N.Y.

Plaintiff Alexander Pashkov ("Pashkov") worked as a driver, mover, and general helper for Defendants' moving and delivery company specializing in piano deliveries. Plaintiff's duties were not related to any vehicles covered by the motor carrier exemption, nor was the Plaintiff involved as an individual whose duties affected the safety of operation of said vehicles. He generally worked 6 times a week for approximately 12 hours a day. Despite the fact that Plaintiff regularly worked more than 40 hours per week in a nonexempt position, Defendants refused to compensate him for time and a half for overtime. To challenge these and other wage violations, Plaintiff, by and though his attorneys, complains of the Defendants as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 USC § 201, *et seq,* to recover unpaid wages, overtime and other damages including but not limited to liquidated damages and attorneys' fees and costs.

2. Plaintiff likewise brings this action to recover unpaid wages, overtime and other damages under provisions of the New York Minimum Wage Act and the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of the action pursuant to 28 USC § 1331, by virtue of federal questions under the FLSA.

4.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1367.

5.  Venue is proper in the Eastern District pursuant to 28 USC § 1391(b) and 29 USC § 201 *et seq.* due to Defendant Just L&S Service Inc.'s operating and location in Brooklyn, New York, located in Kings County which is located within this judicial district.

## PARTIES

6.  Plaintiff Pashkov is a resident of Kings County, New York.

7.  Defendant L&S United Corp. ("L&S") is a domestic business entity registered in Kings County, with its principal place of business in Brooklyn, New York.

8.  At all times relevant to this action, L&S was subject to the FLSA and was an "employer" pursuant to § 203 of the FLSA.

9.  At all times relevant to this action, L&S was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 USC § 206(a) and 207(a).

*Enterprise Coverage*

10. At all times relevant to this action, L&S had annual gross revenues in excess of $500,000.00.

11. L&S is in the business of importing piano and piano parts from various states into New York, and distributing them to clients in New York, and other States.

12. Accordingly, Plaintiff is the type of employee intended to be protected by the FLSA enterprise coverage rules.

*Individual Coverage*

13. Plaintiff took active part in the intake of goods of interstate commerce (the piano and piano parts), and personally assisted in delivering them to other states, and therefore, was engaged in commerce or production of goods for commerce.

14. Accordingly, Plaintiff is also the type of employee intended to be protected by the FLSA individual coverage rules.

15. Defendant Alexander Chudner ("Chudner") is an individual residing at 499 East 8th Street, #6H, Brooklyn, NY 11218.

16. At all times relevant to this action, Chudner actively participated in the business of L&S.

17. At all times relevant to this action, Chudner was an "employer" pursuant to FLSA § 209(b).

18. Chudner has an ownership interest in and/or is a shareholder of L&S.

19. Chudner is one of the ten largest shareholders of L&S.

20. Chudner is liable to Pashkov for unpaid wages pursuant to NY GBL § 630.

21. Pashkov was employed by Defendants from October 2011 through the end of October 2013.

22. Pashkov was an "employee" within the meaning of 29 USC § 203(e). and was directly essential to the business operated by the Defendants.

23. Defendant Alexei "DOE" is an individual who has an ownership interest in and/or is a shareholder of L&S, and is liable to the Plaintiff as an employer. Alexei's particular last name and location are not currently known, so, in turn, this complaint will be amended upon proper discovery of the same.

## FACTUAL ALLEGATIONS

24. Pashkov's rate of pay for his first year of work was approximately $250.00 per week.

25. His rate of pay for the second year of work was approximately $285.00 for two weeks.

26. Pashkov was employed in the capacity of a driver, mover, and general helper. Specifically, he assisted with taking intakes of pianos, assembling and disassembling them, delivering them to the clients, and assisting with driving trucks that performed such deliveries.

27. Plaintiff's duties were not related to any vehicles covered by the motor carrier exemption, nor was he involved in duties that affected the safety of operation of the vehicles.

28. While employed in this capacity, Pashkov followed a schedule but otherwise was not expected to log his hours.

29. Although his hours varied, Pashkov generally worked 6 days a week, at approximately 12 hours per day.

30. Due to the nature of his responsibilities, Pashkov was rarely able to take a break during his shifts. To the extent he was able to take a break at all, it was generally in the range of 5-20 minutes.

31. As such, Pashkov generally worked mover than 70 hours per week.

32. Defendants did not pay Plaintiff Pashkov a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

33. Additionally, the pay rate that was given to Pashkov was below the minimum wage.

34. On most days, Pashkov worked more than 10 hours per day.

35. For those days on which Pashkov worked more than 10 hours per day, Defendants did not pay him an additional one-hour's pay at the applicable minimum wage rate.

36. To add insult to injury, the Defendants stopped payment on Pashkov's last paycheck.

37. Defendants knowingly and willfully operated their business with a policy of no paying either the FLSA overtime rate, the New York overtime rate, and willfully refused to pay wages in their entirety.

## COUNT I- VIOLATIONS OF THE FLSA

38. Plaintiff incorporates the allegations set forth in preceding paragraphs as if fully set forth herein.

### Failure to wages

39. Defendants failed to compensate Pashkov for the last payment due, and did so intentionally by stopping payment on a check.

### Failure to properly pay overtime

40. Defendants failed to compensate Pashkov at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek in violation of the FLSA.

### Failure to pay minimum wage

41. Defendants failed to pay Pashkov the minimum wage for all hours worked in violation of the FLSA.

42. Specifically, the above-mentioned flat weekly and bi-weekly amounts paid to the Plaintiff were less than the statutory minimum wage amount, even if not counting the overtime that Plaintiff has worked.

### Record-keeping failures

43. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding wages, hours, and other conditions of employment of Plaintiff, in violation of FLSA and 29 USC § 211(c) , 215(a), and 29 CFR § 516.

44. Specifically, Defendants never provided check stubs, kept any type of time-records, nor kept track of hours worked by the Plaintiff.

**Willful and not based on good faith & entitlement to damages**

45. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

46. The foregoing conduct constitutes a "willful" violation of the FLSA 29 USC § 255(a), especially in light of the fact that the last paycheck payment was stopped, and the fact that the amounts paid to the Plaintiff were certainly below minimum wage.

47. As a result of violations by the Defendants, Pashkov is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest as set forth in the FLSA 29 USC § 216(b).

## COUNT II- VIOLATIONS OF THE NEW YORK LABOR LAW

48. Plaintiff incorporates the allegations set forth in preceding paragraphs as if fully set forth herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL § 2 and 652.

**Failure to wages**

50. Defendants failed to compensate Pashkov for the final paycheck and for the statutory minimum wage.

**Failure to pay overtime**

51. Defendants failed to compensate Pashkov at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek in violation of th NYCCRR Title 12 § 142-2.2.

### Spread of hours

52. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable wage rate in contravention of NYCCRR Title 12 § 137-1.7.

### Failure to pay minimum wage

53. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

### Failure to provide break time

54. Plaintiff was employed in or in connection with Defendants' "mercantile or other establishment". Plaintiff Pashkov worked a shift of more than 6 hours extending over the noon day meal timeframe (11am-2pm).

55. Defendants failed to provide Pashkov at least 30 minutes for the noon day meal in violation of NYLL § 162(2).

56. The New York Commission of Labor issued no authority to Defendants to provide shorter meal periods for Plaintiff.

### Record-keeping failures

57. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages to all employees, and other similar information in contravention of NYLL § 661.

58. At all relevant times, Defendants failed to establish, maintain and preserve for not less than 3 years payroll records showing hours worked, gross wages, deductions and net wages for each employee in violation of NYLL § 195(4) and 12 NYCCRR § 142-2.6.

59. Defendants also failed to keep a time book showing names and addresses of employees and the hours worked by each of them in each day, in violation of NYLL § 161(4).

**Willfulness and damages**

60. Defendants willfully violated Plaintiff's rights by failing to pay him for all hours he actually worked and/or failing to pay him at a rate of not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek in violation of 12 NYCCRR § 142-2.2.

61. Due to Defendants' New York Labor code and law violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing this action pursuant to NY Labor Code § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a) Enter judgment in favor of the Plaintiff and against the Defendants for unpaid wages and unpaid overtime under the FLSA and NYLL;

b) Enter judgment in favor of the Plaintiff and against the Defendants for liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 USC § 216(b);

c) Enter judgment in favor of the Plaintiff and against the Defendants for liquidated damages pursuant to NYLL § 663;

d) Enter judgment in favor of the Plaintiff and against the Defendants for "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to 12 NYCCRR § 137-1.7;

e) Enter judgment in favor of the Plaintiff and against the Defendants for interest;

f) Award Plaintiff costs of this action together with attorneys' fees;

g) Declaring a judgment in favor of the Plaintiff and against the Defendants holding that the practices complaint of herein are unlawful under applicable Federal and State laws.

h) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

i) Any other and further relief as to this Court may seem just and proper.

Dated: New York, New York
December 3, 2013

Lust & Leonov, P.C.
Attorneys for Plaintiff
By: Roman Leonov, Esq. (RL 1452)
75 Maiden Lane, #506
New York, NY 10038
(212) 518-1503